EAGLE PROMOTIONAL SERVICES,
INC., Appellant,

v.

DIRECTOR OF REVENUE/DE-
PARTMENT OF REVE-
NUE, Respondents.

No. WD 53726.

Missouri Court of Appeals,
Western District.

April 28, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 2, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Steven E. Marsh, Hulston, Jones, Gammon
& Marsh, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ed-
ward F. Downey, Asst. Atty. Gen., Jefferson
City, for respondents.

Before LOWENSTEIN, P.J., and
BRECKENRIDGE and HANNA, JJ.

### ORDER

PER CURIAM:

Eagle Promotional Services, Inc. (Eagle)
appeals the order of the Administrative
Hearing Commission (AHC) granting the Di-
rector of Revenue's motion for summary de-
termination. The Director had filed the mo-
tion in response to Eagle's petition for review
of the Director's decision denying Eagle's
application for a sales tax refund. In its
order, the AHC concluded that Eagle was
collaterally estopped from relitigating the is-
sue of whether it was entitled to a sales tax
refund because the issue had already been
determined in Eagle's Chapter 11 bankrupt-
cy proceeding, during which Eagle and the
Director entered into a settlement of Eagle's
sales tax liability. On appeal, Eagle con-
tends that the doctrine of collateral estoppel
does not bar its refund claim because (1) its
attorney in the bankruptcy proceeding did
not have authority to enter into a settlement;
(2) the settlement was never reduced to writ-
ing as required by the bankruptcy court; (3)
Eagle did not have a full and fair opportunity
to litigate the issue in the bankruptcy court;
(4) the issues involved in the present refund
claim were not the same issues involved in
the bankruptcy proceeding; and (5) the
bankruptcy court's judgment does not qualify
as a "judgment on the merits." Eagle also
argues that the conversion of its Chapter 11
bankruptcy case into a Chapter 7 case made
the settlement and the judgment in the
Chapter 11 case a nullity, so the judgment
was no longer entitled to any collateral estop-
pel effect.

The order of the AHC is affirmed. Rule
84.16(b).